AYLIFF *v.* HARDY'S EXECUTORS.

Where, from the evidence, the damages assessed by the jury are excessive, and the verdict as a whole without proof to support it, this court will award a new trial. *17 Ark., 449.*

*Appeal from Clark Circuit Court.*

Hon. E. J. SEARLE, Circuit Judge.

GARLAND & NASH, for appellant.

WITHERSPOON, for appellees.

CLENDENIN, J.

On the 11th of August, 1858, the appellees commenced their action in assumpsit against the appellant, laying their damages at $1,000. The appellant filed his plea of non-assumpsit, and two special pleas of the statute of limitations, upon which issues were made up, and the case submitted to a jury for trial, who found a verdict for the plaintiffs, assessing their damages at $390. The appellant filed his motion for a new trial, assigning his causes, and the motion being overruled, he filed his bill of exception, and appealed to this court.

The only question we deem necessary to consider is, as to the action of the circuit court in overruling the motion for a new trial upon the reasons assigned: 1st, that the verdict was contrary to the evidence; and, 2d, that the damages are excessive. The bill of particulars filed by the plaintiffs, as the basis of their claim, is as follows:

Messrs. Peay & Ayliff,

1855.                     To Estate H. K. Hardy, Dr.

| | | |
|---|---|---:|
| January 14. | To keeping stage stand up to January 10, 1855, from October, 1854, - | $192 00 |
| | Feeding one extra horse, - - | 6 00 |
| February 20. | 199 bushels of corn, - - - | 199 00 |
| | 700 pounds fodder bo't of Singleton, | 14 00 |
| | 1 hand attending horses 10 days, - | 5 00 |
| | Hauling fodder, - - - - | 2 00 |
| April 1. | 65 bushels corn, - - - - | 65 00 |
| May 22. | Keeping and attending horses, - | 3 00 |
| | Fodder bo't of Osborn, - - - | 5 00 |
| " 25. | 36 bushels corn, - - - - | 36 00 |
| " 28. | Paid T. Freeman for hauling, - | 8 00 |
| July 1. | " T. D. Kingsbury for hay, - | 59 50 |
| October 1. | 26 bushels corn, - - - - | 26 00 |
| | 2176 pounds fodder, - - - | 21 75 |
| | Board of driver 1 year, - - - | 96 00 |
| | | $738 26 |

1854.                  *Contra.*

| | | | |
|---|---|---:|---:|
| October 1. | By cash paid Hardy, - - | $50 00 | |
| 1855. | | | |
| Jan. 1. | " " " " - - | 100 00 | |
| March 15. | Bo't draft on Moreland, - - | 71 94 | |
| June 28. | T. B. Sloan, fare, - - - | 7 00 | |
| | Ayliff's note on H. S., - - | 50 00 | |
| | Witherspoon, stage fare, - | 125 00 | |
| | | | 403 94 |
| | | | $334 32 |
| | Deduct for error, - - - - - | | 34 32 |
| | | | $300 00 |
| | Interest on balance from Jan. 1, 1856, - | | 90 00 |
| | Am't due Jan. 1, 1861, - - - - | | $390 00 |

The proof to sustain the action was: First, that of J. B. Hawkins, who testified that in the month of June, 1855, he went to live with H. K. Hardy, and in his employ; that he lived at the place from said month of June until the month of September or October, 1855, and " during that time three stage horses were continually kept there by Mr. Hardy, or his representatives, which horses were at the place when I went there, and sometimes, when I was there, extra stage horses would be brought there and fed. I think these horses (which were well fed) would each eat one-half bushel of corn and nine bundles of fodder per day, making for the three one and a half bushels of corn and twenty-seven bundles of fodder consumed daily. Corn, at that time, was worth one dollar a bushel, and fodder was worth two dollars per hundred bundles. There was, also, hay fed to horses during that time. I have seen during that time defendant, Ayliff, at the place, but never talked to him any thing about the transaction or business there; never saw Mr. J. C. Peay. I know nothing of any other items of the bill of particulars."

The plaintiff also introduced the following letter, after proving that it was in the handwriting of defendant, Ayliff:

"LITTLE ROCK, December 21, 1854.
"H. K. HARDY, ESQ.:

" *Dear Sir:* We received yours in regard to feeding our horses. You say you will lose money. We do not want you to lose any thing by accommodating us. I thought I would have been down before now, but I can not come now until the first of January. Keep our horses until I come down, which will be about the 5th or 6th of January, and then we will make some arrangements.          *     *     *     *     *     *

"PEAY & AYLIFF."

Which was all the evidence introduced in the case, as we learn from the bill of particulars.

Now, from this testimony, were the jury justified in finding a verdict for $390? We are very clearly of the opinion that

they were not.    Conceding that the jury might, from the letter of Ayliff, have found that the horses fed by Hardy were the property of Ayliff, and that there was an implied assumpsit that he would pay for feeding them, there is not in the letter any such admission of indebtedness as would do away with the necessity of other proof to prove the items of the account.

The witness, Hawkins, proves but two items of the account—corn and fodder; and giving to his testimony the most liberal construction, he proves that one hundred and eighty bushels of corn, and thirty-two hundred bundles of fodder were furnished, the aggregate value of which, according to his testimony, is two hundred and forty-four dollars.    And, from the testimony, we think the jury could not properly have found in excess of that amount.

We think that the damages are excessive, and that the verdict, as a whole, is without proof to support it; and recognizing the rule, as laid down by this court in *Wallace v. Brown, 17 Ark., 449,* and preceding cases, we hold that the circuit court erred in overruling the motion for a new trial.

Judgment reversed.